IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WAYNE PETTAWAY-PETTIGREW, HM-1581, )
    Petitioner, )
)
    v. ) 2:14-cv-619
)
NANCY A. GIROUX, )
    Respondent. )

MEMORANDUM and ORDER

Mitchell, M.J.:

Wayne Pettaway-Pettigrew, an inmate at the State Correctional Institution at Albion, has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis.

Pettaway-Pettigrew is presently serving two concurrent ten to twenty year sentences imposed following his entry of a plea of guilty due to mental illness to charges of aggravated assault, possession of a weapon, recklessly endangering another person and harassment at No. CC20065725 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on March 18, 2008.[1]

As disclosed by the Court of Common Pleas Docket Sheet, the plea was entered on October 24, 2007 and sentence was imposed on March 18, 2008. No appeal was pursued but on April 9, 2008, Pettaway filed a post-conviction petition; counsel was appointed to represent him; an amended petition was filed on September 17, 2008 and on December 15, 2008, leave to withdraw the post-conviction petition was granted. No further challenges to the conviction were made at that time.[2]

---

[1] See: Petition at ¶¶ 1-6 as well as the Docket Sheet of the Court of Common Pleas of Allegheny County, CP-02-CR-5725-2006 which is available on the Pennsylvania Unified Judicial System webportal, http://ujportal.pacourts.us.

[2] Appended to his submission at 2:11-cv-1596, Pettaway submitted a December 17, 2009 letter from his attorney stating "if you want me to seek reinstatement of your PCRA petition and withdrawal of your plea (and if you are permitted to withdraw your plea, you could face imposition of the mandatory minimum 3-strikes sentence of 25-50 years if you go to trial and lose), let me know." Apparently no further activity occurred.

1

On December 16, 2011 Pettaway-Pettigrew filed a habeas corpus petition in this Court.[3] On January 12, 2012 that petition was dismissed on the grounds of failure to exhaust state court remedies and untimeliness and a certificate of appealability was denied.[4] No appeal was pursued.

On May 24, 2012, petitioner filed a post-conviction petition in the Court of Common Pleas.[5] The latter petition was dismissed on September 27, 2012.[6] A timely notice of appeal was filed and on May 30, 2013, the Superior Court quashed the appeal writing:

> While the *pro se* brief contains references to, and summaries of, several state and federal cases, Pettaway fails to set forth an argument why the [post-conviction] court erred by dismissing as time-barred his petition under the Post-Conviction Relief Act, 42 Pa.C.S. §§9541-9546, which was filed three and one-half years after his conviction became final.[7]

Thus, both the post-conviction court and the Superior Court determined that his post-conviction petition was untimely. For this reason, his petition here is in no better posture that the original filing at 2:11-cv-1596 which was dismissed as both untimely and for failure to exhaust state court remedies.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive

---

[3] At that time he set forth his last name as Pettaway.
[4] See: Civil Action No. 2:11-cv-1596 at ECF No.6.
[5] See: Court of Common Pleas docket sheet CP-02-CR-5725-2006 at p.9.
[6] Id. at p.12.
[7] See: Judgment Order of the Superior Court filed on May 30, 2013 submitted as an attachment to the petition and attached hereto.

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 15th day of May, 2014, for the reasons set forth in the foregoing Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge

J-S33024-13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE PETTAWAY A/K/A WAYNE PETTIGREW | |
| Appellant | No. 1695 WDA 2012 |

Appeal from the PCRA Order October 27, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005725-2006,
CP-02-CR-0005729-2006, CP-02-CR-0006010-2006
and CP-02-CR-0006031-2006

*****

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WAYNE PETTAWAY | |
| Appellant | No. 26 WDA 2013 |

Appeal from the Order December 6, 2012
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0005725-2006,
CP-02-CR-0005729-2006, CP-02-CR-0006010-2006
and CP-02-CR-0006031-2006

BEFORE: BENDER, J., LAZARUS, J., and STRASSBURGER, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

J-S33024-13

**JUDGMENT ORDER BY LAZARUS, J.**  **FILED MAY 30, 2013**

We hereby QUASH Wayne Pettaway's appeal. Pettaway has failed to comply with Pa.R.A.P. 2111 because his brief does not include a statement of jurisdiction, the order in question, a statement of the scope of review and standard of review, a statement of the questions involved or a summary of argument.

While the *pro se* brief contains references to, and summaries of, several state and federal cases, Pettaway fails to set forth an argument why the court erred by dismissing as time-barred his petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, which was filed three and one-half years after his conviction became final.

If the defects in a brief are substantial, this Court may quash the appeal. *See* Pa.R.A.P. 2101.

Appeal quashed.

Judgment Entered.

*[signature]*

Deputy Prothonotary

Date: 5/30/2013